# United States District Court

### for the

## Eastern District of Texas in Tyler, Texas

FILED

MAY 1 7 2016

Clerk, U.S. District Court
Texas Eastern

| | |
|---|---|
| David Craig Paup<br><br>**Plaintiff,**<br><br><br>v.<br><br><br>Larra Ann Green, Petitioner in Cause No. 2005B-1015. John "Ric" Freeman, in his official capacity as Attorney in Charge and attorney of Record. Dr. Julianne Davis, in her official capacity as Court Appointed Specialists. Donna Bennett, in her official capacity as Court Appointed Amicus Attorney. The Honorable Carter W. Tarrance in his official capacity as a State of Texas State District Judge in his commanding capacity. Kenneth Paxton, Jr., in his official capacity as Attorney General of Texas. The State of Texas, Sovereign State of the United States of America.<br><br>**Defendants,** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**Civil Action No. ~ 6:16 cv 417**

**$55 Million in Punitive Damages Requested**
**Delaratory Judgement Requested.**

## Amended Complaint

This Complaint arises from Defendants' deliberate and malicious tactics to inflict mental child abuse upon children and Plaintiff in hopes to gain financially by means of abuse of process, malicious and unprofessional tactics, and denial of civil liberties, due process, and civil fraud on the Great State of Texas and the United States of America. Furthermore shows cause of the Plaintiff being denied rights and liberties protected by The United States Constitution and The State of Texas Constitution.

## Table of Contents

*I. Case Statues*..................................................................................pg. 3

*II. Parties*......................................................................................pg. 4

*III. Venue and Jurisdiction*..................................................................pg. 5 - 6

*IV. Standing*...................................................................................pg. 7

*V. Facts*........................................................................................pg. 7 - 8

*VI. Complaints 1 thru 9*......................................................................pg. 9 -11

*VII. Relief*.....................................................................................pg. 12

# *I. Case Statutes*

*1. RESTATEMENT (SECOND) OF TORTS* § 552 (1977)
*2. Meyer v. State of Nebraska*, 262 U.S. 390 (1923)
*3. Pierce v. Society of Sisters*, 268 U.S. 510 (1925)
*4. Prince v. Commonwealth of Massachusetts*, 321 U.S. 158 (1944)
*5. Wisconsin v. Yoder*, 406 U.S. 205 (1972)
*6. Cleveland Board of Education v. LaFleur*, 414 U.S. 632 (1974)
*7. Moore v. East Cleveland*, 431 U.S. 494 (1977)
*8. Smith v. Organization of Foster Families*, 431 U.S. 816 (1977)
*9. Quilloin v. Walcott*, 434 U.S. 246 (1978)
*10. Parham v. J. R.*, 442 U.S. 584 (1979)
*11. Santosky v. Kramer*, 455 U.S. 745 (1982)
*12. Reno v. Flores*, 507 U.S. 292 (1993)
*13. Washington v. Glucksburg*, 521 U.S. 702 (1997)
*14. Brillhart v. Excess Ins. Co. of America*, 316 US 494, 495 (Supreme Court 1942.)
*15. Hiett v. United States*, 415 F. 2d 670 (5th Cir. 1969)
*16. Hill v. Hill*, 819 SW 2d 572 (Tex. App. – Dallas 1991)
*17. In re CAMM*, 243 SW 3d 216 (Tex. App. – Houston 2007)
*18. In re CCJ*, 244 SW 3d 919 (Tex. App. – Dallas 2008)
*19. In re VLK*, 24 SW 3d 339, 340 (Tex. Supreme Court 2000)
*20. Johnson, v. City of Opelousas*, 658 F. 2d. 1071 (5th Cir. 1981)
*21. Justice v. City of Opelousas*, 658 F. 3d 291 (5th Cir. 2014)
*22. Lenz v. Lenz*, 79 SW 3d 18 (Tex. Supreme Court 2002)
*23. Leonard v. Lane*, 821 SW 2d 277 (Tex. App. – Houston 1991)
*24. MedImmune, Inc. v. Genetech, Inc.*, 549 US 772 (Supreme Court 2007)
*25. Steffel v. Thompson*, 415 US 472, 473, & 475 (Supreme Court 1974)
*26. Troxel v. Granville*, 530 US 68 (Supreme Court 2000)
*27. Wise v. Bravo*, 666 F. 2d 1332, 1337, (10th Cir 1981)
*28. Horaist v. Doctor's Hop. Of Opelousas*, 255 F.3d 261, 266 (5th Cir. 2001)
*29. re Dresser Indus., Inc.*, 972 F.2d 540, 543 (51h Cir. 1992).
*30. F.D.I.C. vs. United States Fire Ins. Co.*, 50F.3d 1304, 1314 (5th Cir. 1995)
*31. McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787 (Tex. 1999)
*32. Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 406-07 (Tex. App.—Houston [1st Dist.] 2005, no pet.)
*33. Kastner v. Jenkens & Gilchrist, P.C.*, 231 S.W.3d 571, 580 (Tex. App.—Dallas 2007, no pet.)
*34. Span Enters. v. Wood*, 274 S.W.3d 854, 859 (Tex. App.—Houston [1st Dist.] 2008, no pet.)
*Alpert, 178 S.W.3d at 407; Alpert v. Riley, No. H-04-CV- 3774, 2008 WL 304742, at *17-18 (S.D. Tex. Jan. 31, 2008)*
*35. Toles v. Toles*, 113 S.W.3d 899, 911-12 (Tex. App.—Dallas 2003, no pet.)
*36. Ross v. Arkwright Mut. Ins. Co.*, 892 S.W.2d 119, 127-28 (Tex. App.—Houston [14th Dist.] 1994, no writ)
*37. Martin v. Trevino*, 578 S.W.2d 763, 767 (Tex. Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.)
**38. Bernstein v. Portland Sav. & Loan Ass'n**, 850 S.W.2d 694, 706 (Tex. App.—Corpus Christi 1993, writ denied)
**39. Likover v. Sunflower Terrace II, Ltd.**, 696 S.W.2d 468, 472 (Tex. App.—Houston [1st Dist.] 1985, no writ)
**40. Credit Alliance** 483 N.E.2d at 118.
*41. Horaist v. Doctor's Hop. Of Opelousas*, 255 F.3d 261, 266 (5th Cir. 2001)
*42. The Texas Lawyers Creed – A Mandate of Professionalism*….(Texas Supreme Court.,1979)
*43. re Frost, No. 12-08-00154-CV, 2008 Tex. App. LEXIS 3700, at *5* (Tex. App.—Tyler May 21, 2008, orig. proceeding)
*44. re Am. Airlines, Inc.*, 972 F.2d 605, 610 (5th Cir. 1992)
**45**. Fraud on the court. 12 Moore's Federal Practice 3d 60.21 (4)(a) (3d ed.2003)

## *II. The Parties*

A. Plaintiff, David Craig Paup, is at all times relevant to this Complaint a resident of the State of Texas in the city of Athens, in the County of Henderson. Plaintiff is the father of minor children subject to the continuing jurisdiction of the 392nd State District Court in Henderson County, Texas as a result of a Suit Affecting the Parent Child Relationship incident to a divorce action, Tex. Fam. Code Title 5.

B. Defendant, Larra Ann Green, is at all times relevant to this Complaint, a resident of the State of Texas in the county of Henderson. Is the mother of minor children subject to the continuing jurisdiction of the 392nd State District Court in Henderson County, Texas. as a result of a Suit Affecting the Parent Child Relationship incident to a divorce action, Tex. Fam. Code Title 5.

C. Defendant, John "Ric" Freeman, State of Texas Bar Number 07425450, in his capacity of the attorney in charge and of record of Larra Ann Green, is at all times relevant to this Complaint is a resident of the State of Texas.

D. Defendant, Dr. Julian Davis, in her capacity of one of the court appointed specialist, is at all times relevant to this Complaint and resident of the State of Texas.

E. Defendant, Donna Bennett, State of Texas Bar Number 12416560, in her capacity of the amicus attorney, is at all times relevant to this Complaint.

F. Defendant, Ret. Judge George Martinez, in his official capacity of the amicus attorney, is at all times relevant to this Complaint and a resident of the State of Texas.

G. Defendant, is the State of Texas is one of the sovereign States of the United States of America.

H. Defendant, Kenneth Paxton, Jr. is now and at all times relevant to this Complaint the Attorney General for the State of Texas.

I. Defendant, in his official capacity, The Honorable Carter W. Tarrance, is now and at all times relevant to this Complaint the presiding judge over the 392nd District Court of Henderson County, Texas

J. Defendant, in his official capacity, The Honorable Mr. John Marshall, is now and at all times relevant to this Complaint the presiding visiting judge over the 392nd District Court of Henderson County, Texas in Cause No. 2005B-1015.

### *III. Venue and Jurisdiction*

*A.*    Plaintiff shows the jurisdiction of this court under the 1st, 4th, 5th, and 14th Amendments, Article III, Article VI to the United States Constitution; and under Title 28, U.S. Code, 1983 and The State of Texas Constitution with the intent of United States of America President Andrew Jackson and Sam Houston, Stephen Austin, Richard Ellis, George Childress, Jim Bowie, James Fannin, William Travis, Edward Conrad, and any other late founding member of the Republic of Texas that included the United States Constitution into the State of Texas Constitution as an annex of the United States of America.

*B.*    Plaintiff shows Defendants intentionally committed fraud on civil liberties, the intentional meaning of the founding and living rights of all citizens under the Great State of Texas, and the United States of America by means of intentional mental child abuse onto my helpless daughters, myself, Defamation of Character, Tort, Intentional Infliction of Emotional Distress, Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing, Unfair Competition, Abuse of Judicial Authority, 1st Amendment Denial; tort; libel; slander, 14th Amendment Denial, Parental Rights Violations, Civil Fraud, Conspiracy to Commit Civil Fraud, Failure of Duties to the Court, Negligent Misrepresentation, Deceptive Trade Practices, Aiding and Abetting, Malicious Prosecution/Abuse of Process, Common Law Liability to Non-Clients, Legal Malpractice, Malpractice, Professional Duties of the Court to a Child and Parent, Harassment.

*C.*    Plaintiff invokes the overbreadth doctrine, as the public policy of the State of Texas regarding best interest of a child in suits affecting the parent-child relationship grants broad sweeping powers to family court judges that quell 1st Amendment speech between parent and child, that prevents protected activities of a parent, and that fundamentally alters the nature of the intimate and expressive relationship between parent and child.

*D.*    Plaintiff shows Fraud on the 392nd District Court and the State of Texas judicial machinery in Suits Affected Parent-Child Relationship. Fraud on the court is limited to fraud that does, or at least attempts to "defile the court itself," or that is perpetrated by officers of the court "so that the judicial machinery cannot perform in the usual manner it's impartial task of adjudicating cases." 12 Moore's Federal Practice 3d 60.21 (4)(a) (3d ed.2003) and refused to adhere to the Texas Supreme Court's ruling of parent-child relationship. "a trial court cannot ' infringe on the

fundamental right of parents to make child rearing decisions simply because it believes a better decision could be made." Troxel v. Granville, 530 U.S. 57, 72-73 (2000) (plurality op.) (internal quotations omitted); see also In re Chambless, 257 S.W.3d. (quoting In re Mays-Hooper, 189 S.W. 3d 777, 778 (Tex. 2006)(per curiam)(quoting Troxel, 530 U.S. at 68). "This citation refers to the 2000 U.S. Supreme Court decision upholding parental rights and Texas Supreme Court decisions on the same issue from 2006, 2007, 2008. For every decision that reaches the Texas Supreme Court, there are scores in which parents do not have the resources or representation to protect their children in these kinds of cases; we mush change the law to prevent these travesties!"

E.     Further, the Texas Family Code may actually violate the federal constitution while failing to achieve any legitimate interest the state may have in protecting children from harm. Where the state seeks to protect children from harm, it has less drastic means at its disposal, see Johnson v. City of Opelousas, 658 F. 2d 1071 (5th Cir. 1981), (…that purpose cannot be sought by means that "broadly stifle fundamental personal liberties" when "less drastic means for achieving the same basic purpose" are available.) The overbreadth is real and substantial and the statutes at issue here are not written with the necessary precision to withstand an overbreadth analysis and as such they "furnish insufficient checks on Government discretion, see Hiett v. United States, 415 F. 2d 670 (5th Cir. 1969).

F.     The Fourteenth Amendment limits the authority of a state court judge at any level to infringe the fundamental rights of fit parents or their children without due process of law and/or equal protection of the laws even in suits affecting the parent-child relationship and that parties have a right to raise federal constitutional questions at the District Court and that these rights are sufficiently well-established to support 42 U.S.C 1983 action or a 42 U.S.C. 1985 action for conspiracy. Further, it is unreasonable to any state court judge to believe that their authority, even in a SAPCR exceeds federal constitutional limitations.

## IV. Standing

Plaintiff has standing to pursue these allegations as a consequences of the state barring parents from seeking god given rights to protect their children and expect state courts to protect the dignity, respect and development of children without fraud, conspiracy and judicial abuse without subjecting themselves to absolute deprivation of fundamental rights for themselves and their children. Plaintiff is also in fear of the enormous manufactured abuse on the children allowed by the state to gain revenue for the court instead of establishing the respect of the court for the community by using Malicious Prosecution and Abuse of Process. In re Frost, No. 12-08-00154-CV, 2008 Tex. App. LEXIS 3700, at *5 (Tex. App.-Tyler May 21, 2008, orig. proceeding); In re Am. Airlines, Inc., 972 F.2d 605, 610 (5th Cir. 1992) (holding that a "district court is obliged to take measures against unethical conduct occurring in connection with any proceeding before it. Plaintiff has suffered severe damages in the form of multi-year court battles costing severe health and economic damages with the obvious court litigation fees. The failures of the State of Texas and almost absolute power of District Courts has caused an un-imaginal toxic abuse onto the children and denial of established constitutional rights.

## V. FACTS

*A.*    Larra Green and John "Ric" Freeman entered into an agreement in 2009 to begin defrauding the Plaintiff and children to begin mental child abuse and fraudulent tactics to generate court and state revenue and deny Plaintiff god given rights.

*B.*    John "Ric" Freeman, as a State Lawyer, issued numerous vulgar, perverted and unprofessional conversations and tactics with Larra Green that even included court employee's families to alter and persuade Judge Tarrance into the enormous fraudulent Temporary Restraining Orders, and false discoveries to promote mental child abuse to generate revenue for the court, court appointed specialists, state, and promoted the harassment and abuse onto my daughters.

*C.*    As court appointed specialist, Dr. Davis issued numerous fake histories and fraud reports on the courts behalf to promote Larra Green continue mental child abuse and parental alienation while seeking numerous status hearings behind closed doors in hopes to manufacture some belief

of her fake report requested and coached by John "Ric" Freeman numerous requests.

**D.**     As presiding judge, Judge Tarrance allowed numerous behind closed door hearings allowing only one sided testimony from Dr. Davis. Issued numerous fake Temporary Restraining Orders causing severe mental child abuse and enormous un-needed and un ethical legal fees. Denying numerous motions to compel that caused severe informalities in the case without any hope of preventative measures to prevent parental alienation and mental child abuse in a bias or personal vendetta. Continued promoting numerous "court appointed specialists" to "sell" my children back to me, denying any facts or testimony of family, community members and school officials. Instead of acknowledging a mistake and clearing the numerous attempts to prevent parental alienation, continued the same rulings.

**E.**     Appointed Amicus Attorney, Donna Bennett, after finding of fact, had no finding of any impropriety and continued demanding and getting fake custody attempts to promote the abuse to allow the mother Larra Green more time to continue horrific abuse for the Amicus Attorney to generate court and personal revenue. Also made numerous allegations regarding the children that community and school districts denied ever speaking or associating with the abuse. Continued with holding the numerous attempts and witness attempts by the mother to endure several causes. Also attempted to falsify further statements to the court that even Judge Tarrance denied. Donna Bennett has previous fraud allegations in her voting campaigns for her failed election attempt to the District Attorney's office.

**F.**     As elected Judge Tarrance recusal, Judge Marshall denied numerously hearing any actual facts of the abuse to prevent any future standard court action and removing the children from the abusive mother to prevent the enormous court hearings that would have to transpire from the history. No report of the children, hopeful future ladies ever matched.

**G.**     The State of Texas conducted numerous financial seizures without fixing its own record mistakes.

**H.**     Kenneth Paxton, Jr., as the Attorney General and responsible for the Tyler, Tx office has allowed numerous record informalities of the child support to generate issues for revenue.

# VI. COMPLAINTS

## *Complaint (1)*

**A.**    Fraud of Being Denied the civil liberties of a Texan, American Citizen, recited God given rights in the United States Constitution, State of Texas Constitution, and every man, woman, child, family, citizen that protected those rights for every judge, jury, person to ask that right not be taken.

**B.**    All men (men, women, ethnicity, mothers or fathers, rich or poor) are created equal. Regardless of sex or prejudice.

## *Complaint (2)*

**A.**    As the Plaintiff of the case, I prove a declaratory and monetary judgment relief that the Fourteenth Amendment limits the authority of state court judges at any level to infringe the fundamental rights of fit parents or their children without due process of law and/or EQUAL protection of the laws even in suits affecting the parent-child relationship and that parties have a right to raise federal constitutional questions at a District Court. FIn *New York Times vs. Sullivan,* 376 U.S. 254, 279-80 (1964), the Supreme Court recognized that the First Amendment provides a defense to defamation actions. Further regarding State Bar member attorneys and court appointed officials as public servants, The Court held that a public figure or public official may only sue for defamation involving a false statement of fact when the statement was made with knowledge of its falsity or with a reckless disregard for its truth. Subsequently, the Court applied the holding of *New York Times* to a claim of intentional infliction of emotional distress in *Hustler Magazine v. Falwell,* 485 U.S. 46, 55-56 (1988), concluding that "public figures and public officials" cannot recover for intentional infliction of emotional distress absent a false statement of fact either made intentionally or with a reckless disregard for its truth,

**B.**    As the Plaintiff, the declaratory and monetary judgement relief that any state court judge is infringed upon the fundamental rights of any parent or child in suits affecting a parent-child relationship without due process and equal protection of laws that infringe the right of parties to raise constitutional issues. (Supreme Court) believes a better decision could be make."

### Complaint (3)

**A.**    Plaintiff shows that Larra Green, John "Ric" Freeman, The State of Texas and 392nd District Court, and appointed court employees, excursive over burdens in the biased harassment of Cause No. 2005B-1015 to attain financial revenue. Reference of *Romer v. Evans, 517 U.S. 620 (1996)* The court stands that *Romer* stands for the proposition that "The Equal Protection Clause requires the state to have a legitimate reason for withdrawing a right or benefit from one group but not others whether or not it was required to confer that right or benefit in the first place." Further, Article III of the constitution confines the judicial power of federal courts to deciding actual "cases" or "controversies".

**B.**    Further, as a remedial measure, I seek relief enjoining Defendants and state court judges at the district level in suits affecting parent-child relationship to affirmatively inform the parties on the record that they have constitutional rights as parents, their child has constitutional rights, and that each parent-child is constitutionally protected and that they have the right to assert those rights under law on their own behalf without harassment, bullying, or intimidation.

### Complaint (4)

**A.**    Plaintiff seeks a declaratory and monetary judgement that parents and their children share a 1st Amendment right for free association to have and maintain an intimate and expressive familial relationship, to live with family and to teach, learn and share moral, civic, and religious values free from unwarranted government interference. Termination of parental rights is not the minimum degree of state interference protected by the constitution and unreasonable for any state judge to presume that it is. Texas can't infringe on that god given right.

### Complaint (5)

**A.**    Plaintiff seeks monetary and declaratory judgment that parents and their children are protected from possession orders that create a meaningful interference with their possessory interest of a child and of each fit parent by the Fourth Amendments restrictions on unreasonable seizures.

**B.**    Plaintiff seeks enjoining Defendants from issuing orders in suits affecting the parent-child relationship except where the court has fully complied with all relevant Fourth Amendment.

### Complaint (6)

A.   Plaintiff seeks monetary and declaratory judgement that the 14th Amendment prohibits state court judges from making best interest determinations for a child in the face of objetions by either parent. When the shadow's "Best Interest of a Child" only to pursue the conflicting parent to continue harassing parent-child relationship to generate revenue for "Friends of the Court" and cause of conspiracy which is well established to support 42 U.S.C. 1983 action and a 422 U.S.C. 1985 conspiracy. Further seeks relief enjoining Defendants and state court judges from making best interest determinations for the children.

### Complaint (7)

Plaintiff seeks monetary and declaratory judgement that the 14th Amendent prohibits state court judges from limiting the fundamental rights of parents or child without providing an evidentiary hearing. Which established to support 42 U.S.C. 1983 cause of action a 422 U.S.C. 1985 conspiracy. Further denying and protecting the established parent-child relationship.

### Complaint (8)

Plaintiff seeks monetary and declaratory judgement that the Tex. Fam. Code 154.001 is unconstitutional that provides trial court judge to deprive a parent of property and children without appropriate 4th Amendment protections and creates a class of parent subject to quasi-criminal and criminal sanctions. Further is an overreach in the scope of fundamental rights impacted by the imposition of such duty. Further fails to protect Plaintiff and children of fundamental rights.

### Complaint (9) Tort

Plaintiff seeks monetary and declaratory judgement that the Defendants denied relief to Plaintiff and infringed the speech, expression, and family rights and children based on the Texas Family Code and unethical judicial abuse, abuse of process, conspiracy and fraud.

## VII. Relief Requested

*A.*   Plaintiff prays the court issue an immediate Declaratory and Permanent Injunction of Joint-Managing Conservators between Larra Ann Green and David Craig Paup of children Maylon and Braleigh Paup and 50/50 visitation order.

*B.*   Plaintiff prays the court order the Defendants pay a total monetary punitive judgement of Fifty Five Million Dollars ($55,000,000.00) for the severe, intentional infliction, stress, and fraudulent tactics.

*C.*   Plaintiff prays that cost taxed issue any additional monetary and declaratory judgement against the Defendants which Plaintiff maybe entitled to under law.


DAVID CRAIG PAUP
Pro-Se, Plaintiff
Phone: 903-681-0096
Fax: 903-675-7785
Craig.paup@paup-international.com

5915 C.R. 4800
Athens, Texas 75752