# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **DAVID CRAIG PAUP,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 6:16-CV-417-RWS-KNM |
| | § | |
| **STATE OF TEXAS, et al.,** | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The Report and Recommendation of the Magistrate Judge, which contains her recommendation regarding Larra Ann Green, John 'Ric' Freeman, The Honorable Carter W. Tarrance, Donna Bennett, Retired Judge George Martinez, the State of Texas, Attorney General Kenneth Paxton, and Dr. Julian Davis's ("Defendants") Motions to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), has been presented for consideration. Docket No. 47 ("Report"). The Report recommends that: Defendants' Motions to Dismiss be granted; Plaintiff's federal claims against Defendants be dismissed with prejudice; and Plaintiff's state law claims against Defendants be dismissed without prejudice. Docket Nos. 13–15, 17, 21 and 22. The Report also recommends that Plaintiff's federal claims against Visiting Judge John Marshall be dismissed with prejudice, *sua sponte*, and that Plaintiff's state law claims against him be dismissed without prejudice, *sua sponte*.

David Craig Paup ("Plaintiff" or "Paup") filed a "Demand for Jury Trial/Request for Pretrial Conference." Docket No. 50. Paup also filed an "Objection/Amended Demand for a Jury

Trial/Request [and for a] Pretrial Conference" (collectively, "objections" or "written objections"). Docket No. 51. The Court treats both of these documents as Plaintiff's written objections to the Report. The Defendants did not file a Response to Plaintiff's objections. Having made a *de novo* review of the written objections filed by Plaintiff to the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit. For the reasons below, Plaintiff's objections are **OVERRULED**.

I. **Plaintiff's Objections to the Report**

Plaintiff first objects that:

> [(1)] [t]his case should not be dismissed with two defendants seeking relief under FRCP 12(b)(1) and 12(b)(6). Further, the Court should not seek dismissal of *Rooker-Feldman* due in part of excessive fraudulent tactics. Nor should the Court seek dismissal under res judicata [sic] in future proceedings. Courts such as the United States Court of Appeals for the Sixth Circuit and others have determined that *Rooker-Feldman* does not prevent the lower federal courts from reviewing state-court judgments that were allegedly procured through fraud. [(2)] Further, the United States Fourth Circuit Court did not hold that either it or the district court lacked jurisdiction of such matters under "diversity of citizenship." [(3)] Fraud language is exist[ing] and found throughout all filings by the Plaintiff. The listed defendants recklessly, with pretense failed to provide the following without all consents for Magistrate judge to make any swift just ruling are listed as follows numerous excerpts listed as follows and I request to compel objection to the scrutiny of all the defendants [sic] . . . . Also all State Court Orders were achieved by fraud, malice, and/or mistake by the defendants. Irreparable economic, social, fundamental damages should at face be recoverable by the United States Federal Court Order.

Docket No. 51 at 2–3.

As to Plaintiff's first point, he cites no authority for the proposition that the "Sixth Circuit and others have determined that *Rooker-Feldman* does not prevent the lower federal courts from reviewing state-court judgments that were allegedly procured through fraud." *See generally* Docket No. 51. Indeed, the Report includes a thorough discussion and analysis of the *Rooker-Feldman* doctrine and its applicability to appeals from state court orders even when brought in the

context of federal claims such as §§ 1983 and 1985. Report at 14. This Court finds that Plaintiff's claims in this lawsuit are inextricably intertwined with the final judgment issued by the 392nd District Court of Henderson County, and, as such, are barred by the *Rooker-Feldman* doctrine. *Id.*

Second, Plaintiff argues that this Court has subject-matter jurisdiction over this Complaint through diversity of citizenship under 28 U.S.C. § 1332. However, diversity jurisdiction does not exist in this case because two of the Defendants, Green and Freeman, reside in the same state as Paup. Report at 15.

Plaintiff's third objection is directed to the Report's conclusion that Plaintiff's fraud claims should be dismissed for failure to state a claim with particularity under Rule 9(b).[1] *See generally* Docket Nos. 50, 51. However, Plaintiff cites to no filing nor does he provide specific examples of the "fraud language" that he asserts is "found throughout all filings by the Plaintiff."[2] Docket No. 51 at 2–3. Plaintiff's unsupported statements do not satisfy the particularity requirement of Rule 9(b).[3] Docket Nos. 50, 51.

Plaintiff then objects that:

> [t]his cause of action is further brought under the Removal of the State Court for federal question and also The Federal Tort Claims, United States Constitution, and Diversity of Citizenship and shows cause of fraud, tort, civil right denials, discrimination as well. . . .

Docket No. 51 at 3. Here again, Plaintiff objects to the recommendation that the entire case be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. The Court recognizes that

---

[1] In his pleadings, Plaintiff alleges fraud against Dr. Davis and Bennett. *See generally* Docket Nos. 1, 10. The Magistrate Judge recommended dismissing these claims under Rule 12(b)(6) for failure to state a claim with particularity under Rule 9(b). Report at 19, 22, 25. The Court presumes that Plaintiff's objection is in reference to the Magistrate Judge's recommendation that Plaintiff's fraud claims be dismissed as to both Defendants.

[2] The Court presumes that Plaintiff intended to state, "Fraud language is exist[ing] and found throughout all filings by the [Defendants]", instead of "by the Plaintiff." Docket No. 51 at 3.

[3] The Report recommended dismissal of Plaintiff's fraud claim against Dr. Davis because Plaintiff did not provide the time and place of her allegedly fraudulent activities, and against Bennett because Plaintiff did not provide the time, place, and contents of his allegedly false statements. Report at 22, 24.

some of Plaintiff's claims arise under the United States Constitution and the Civil Rights Act and, thus, might be appropriately heard in federal court under federal question jurisdiction pursuant to 28 U.S.C. § 1331. But Plaintiff's claims, including those arising under the United States Constitution and the Civil Rights Act, are inextricably intertwined with the underlying state-court judgment and are thus barred by the *Rooker-Feldman* doctrine. Report at 14.

Plaintiff's reliance on the Federal Tort Claims Act to establish subject matter jurisdiction over his Complaint is similarly unavailing because the Federal Tort Claims Act allows persons injured by the negligence of federal employees acting within the scope of their employment to sue the federal government. 28 U.S.C. § 1346(b). Plaintiff does not allege facts in his filings to suggest that any federal employee acted negligently towards him.[4]

Plaintiff next objects that "[t]he State of Texas, or Officials cannot or should not accuse a lack of jurisdiction to hear this complaint against the state brought under federal law." Docket No. 51 at 5 (citing *Alden v. Maine*, 119 S.Ct. 2240, (1999); *Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 119 S.Ct. 2219 (1999); *Howlett v. Rose*, 110 S.Ct. 2430 (1990)).[5] Plaintiff's reliance on all three cases is misplaced. In *Alden v. Maine*, the Supreme Court

---

[4] Moreover, Plaintiff's renewed argument that this Court has subject matter jurisdiction over his Complaint through diversity of citizenship fails for the reasons described on page 3 of this Order.

[5] On this point, Plaintiff additionally states:
> [i]n my case and just [l]ooking at the Texas Family Code, in its disgusting form to intentionally hurt families [sic], children and only generate revenue for the state and state actors, [u]nder *Alden v. Maine*, state's statutes may reveal authority to enforce federal claims against the state in state court. The State of Texas, or [o]fficials cannot or should not accuse [sic] a lack of jurisdiction to hear this complaint against the state brought under federal law. This can be found and is referred in *Howlett v. Rose*, [in which] the Supreme Court held that a state court cannot apply a state sovereign immunity defense to defeat jurisdiction against a federal claim under Section 1983. Also I referenced above *Alden v. Maine*, [t]he Court's decision in *Alden* that the state cannot be sued in state court, even on federal claims, without its consent, does not undermine the Court's holding in *Howlett*, because *Alden* was based on state sovereign immunity, not the authority of state courts to refuse to hear federal claims. . . . Also with reference to this case, referring to the case [sic], *College Savings Bank v. Florida Prepaid Postsecondary Education Board*, 527 U.S. 666, 676 (1999). The Supreme Court of the United States indicated that a state may choose to

held that state sovereign immunity prevents a non-consenting state from being sued in state court for violations of federal law. 119 S.Ct. at 2243. The Supreme Court noted that to allow Congress to bring a non-consenting state into state court when Congress could not do so in federal court would nullify the doctrine of sovereign immunity. *Id.* In *Howlett*, the Supreme Court determined that the state-law defense of sovereign immunity was unavailable to a school board, noting that because the school board was not an arm of the state, the defense would be unavailable if the action had been brought in a federal forum. 110 S.Ct. at 2432. In *College Savings Bank*, the Supreme Court held that Congress may not abrogate state-sovereign immunity in the Patent Remedy Act through Section 5 of the Fourteenth Amendment of the Constitution. 119 S.Ct. at 2221. Plaintiff's reliance on *Howlett* and *Alden* is misplaced because both of those cases addressed the propriety of asserting the sovereign-immunity defense in state court, and the instant case is in federal court. Plaintiff's reliance on *College Savings Bank* is similarly misplaced because, unlike that case, the instant case does not involve the Patent Remedy Act.[6]

Plaintiff finally states that he:

> [s]eeks monetary and declaratory judgment that . . . [the] Tex. Fam. Code 154.001 is unconstitutional that provides [sic] *trial court judge* to deprive a parent of property and children without appropriate 4th Amendment protections and creates a class of parent subject to quasi-criminal and criminal sanctions. Further is an overreach in the scope of fundamental rights impacted by the imposition of such duty. Further fails to protect Plaintiff and children of fundamental rights [sic].

---

waive sovereign immunity in state but not in federal court for a given claim. If the United States District Court in the Eastern District of Texas could refer this [sic].
Docket No. 51 at 5.

[6] To this end, Plaintiff also states:
> in federal court, a state or state official claiming immunity has a right to an interlocutory appeal if the district court rejects the immunity defense. If an appeal is filed, proceedings against the appealing defendants come to a halt, and the district court has discretion to stay or limit proceedings against other defendants.

Docket No. 51 at 5 (*citing Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993)). However, because the Report recommended dismissing the Complaint against the State of Texas, Attorney General Paxton, and Judge Tarrance under the Eleventh Amendment doctrine of sovereign immunity, this argument is irrelevant. Report at 1.

Docket No. 51 at 4 (emphasis added).[7]

Here, it is unclear what portion of the Report Plaintiff is objecting to. In his Amended Complaint, Plaintiff states that "[t]he Texas Family Code may actually violate the federal [C]onstitution." Docket No. 10 at 6. Furthermore, in his Response to the Defendants' Motions to Dismiss, Plaintiff briefly alludes to, without naming, the *Ex parte Young* exception to the Eleventh Amendment doctrine of sovereign immunity.[8] Docket No. 18 at 2. However, Plaintiff alleged no supporting facts in either document and did not specify which Defendant he is accusing of violating the federal Constitution. *See generally id.*

In his written objections, Plaintiff appears to reargue that the *Ex parte Young* exception applies in this case. Docket No. 51 at 4. In his objections, Plaintiff supplies additional facts suggesting that the "trial court judge" violated his "4th Amendment protections." Docket No. 51 at 4. Based on Plaintiff's reference to "trial court judge," the Court assumes Plaintiff is objecting to the Report's recommendation that his claims against Judge Tarrance be dismissed under Rule 12(b)(1) pursuant to the Eleventh Amendment doctrine of sovereign immunity.

Even assuming that Plaintiff is correct that the *Ex parte Young* exception does not deprive this Court of Rule 12(b)(1) subject matter jurisdiction over his claims against Judge Tarrance, Plaintiff's objections fail to address the Report's alternative basis for dismissal under Rule 12(b)(6) as to Judge Tarrance, based on the doctrine of judicial immunity. As analyzed in the Report, all of Plaintiff's claims against Judge Tarrance arise from actions taken in his judicial capacity, including allowing hearings, issuing restraining orders, and denying motions. Report at 19–20.

---

[7] Section 154.001 of the Texas Family Code enumerates the requirements for court-ordered child support.
[8] The *Ex parte Young* exception to the Eleventh Amendment doctrine of sovereign immunity states that federal courts have subject matter jurisdiction over suits that challenge the constitutionality of a state official's actions in enforcing the law. *Ex parte Young*, 209 U.S. 123 (1908).

## II. Plaintiff' Remaining Assertions

Plaintiff also makes a category of statements in his written objections which do not directly object to or address the Report. Plaintiff first provides quotations from cases.[9] Plaintiff then reasserts arguments previously considered by the Magistrate Judge.[10]

Plaintiff contends that "the Report and Recommendation (Docket No. 47) [s]tates Judge Tarrance and Judge Marshall not being listed as presiding over the case was made [in] error by the court or by unknowing mistake ." Docket No. 51 at 2. Plaintiff's generic statement that the Court erred fails to address the Report's bases for dismissal against Judge Tarrance and Judge Marshall. *See generally* Report.

Plaintiff also alleges claims of discrimination, perjury, and sexual favors. Docket No. 50 at 1. To the extent Plaintiff raises these and any other brand new claims in his objections, they are not properly before the Court. *Stangel v. Sparkman*, 2007 WL 2725382, at *1 (E.D. Tex. Sept. 18, 2007) ("It is noted that the plaintiff is trying to raise new claims in his objections, but issues raised for the first time in objections to a Report and Recommendation are not properly before the Court.") (Davis, J.) (citing *Cupit v. Whitley*, 28 F.3d 552, 535 n. 5 (5th Cir. 1994); *United States v. Armstrong*, 951 F.2d 626, 620 (5th Cir. 1992)).

For the aforementioned reasons and for the reasons stated in the Report, the Court **ADOPTS** the Magistrate Judge's Recommendation that: Larra Ann Green, John 'Ric' Freeman,

---

[9] Specifically, Plaintiff cites to case law related to, for example, the First Amendment, Fourteenth Amendment, the Supremacy Clause, a parent's fundamental right to care for his or her children and to make child rearing decisions, the responsibility of state and federal judges to protect persons from violations of federal constitutional rights, malicious prosecution and abuse of process, professional liability, aiding and abetting a client's breach of fiduciary duty, malicious prosecution and abuse of process, and the *Erie* Doctrine. *See generally* Docket No. 50 and 51.

[10] For instance, Plaintiff states "[t]he State of Texas, judges, all defendants tried to cover up fraud. From denial of civil rights, conspiracy . . . mental child abuse and judicial abuse." Docket No. 50 at 1. *See also* Docket No. 51 at 1 ("The listed defendants in this case either intentionally or falsely withheld facts, easier and quicker ways to prevent toxic abuse and for covering the accused fraud and financial gains.").

The Honorable Carter W. Tarrance, Donna Bennett, Retired Judge George Martinez, the State of Texas, Attorney General Kenneth Paxton, and Dr. Julian Davis's Motions to Dismiss be **GRANTED**; Plaintiff's federal claims against them be **DISMISSED with prejudice**; and Plaintiff's state law claims against them be **DISMISSED without prejudice**. The Court also **ADOPTS** the Magistrate Judge's Recommendation that Plaintiff's federal claims against Visiting Judge John Marshall be **DISMISSED with prejudice**, *sua sponte*, and that Plaintiff's state law claims against Visiting Judge John Marshall be **DISMISSED without prejudice**, *sua sponte*.

**SIGNED this 27th day of March, 2017.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE